**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 09 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

MARIANA PEREZ URBANEJA,

Petitioner,

v.

ERIC H. HOLDER JR., Attorney General,

Respondent.

---

No. 09-73393

Agency No. A088-590-357

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 14, 2011
Seattle, Washington

Before:   GRABER and FISHER, Circuit Judges, and MARSHALL, District
Judge.**

Mariana Perez Urbaneja petitions for review of the Board of Immigration

Appeals' (BIA) decision (1) affirming the immigration judge's (IJ) adverse

credibility finding and (2) ruling that Urbaneja was not eligible for asylum or

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The Honorable Consuelo B. Marshall, Senior United States District
Judge for the Central District of California, sitting by designation.

entitled to withholding of removal or CAT protection. We deny the petition for review.

The BIA's decision to affirm the IJ's adverse credibility finding is supported by substantial evidence. Urbaneja's voluntary returns to Venezuela after reaching safety in the United States, on three occasions, were inconsistent with her purported fear of future persecution and made her testimony implausible within the meaning of 8 U.S.C. § 1158(b)(1)(B)(iii). *See Loho v. Mukasey*, 531 F.3d 1016, 1017-18 (9th Cir. 2008). Regardless of whether the IJ relied on the same basis, Urbaneja was on notice that any part of her testimony could be held against her, *see Pal v. INS*, 204 F.3d 935, 938-39 (9th Cir. 2000), and she had an opportunity to explain her voluntary returns on cross-examination, *see Rizk v. Holder*, No. 06-74213, – F.3d –, 2011 WL 6182 at *4 (9th Cir. Jan. 3, 2011). Substantial evidence requires only that one of the agency's rationales be permissible. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004). Therefore, we cannot disturb the agency's ruling on adverse credibility.

In the absence of credible testimony, the BIA's decision to deny Urbaneja asylum, withholding of removal and CAT protection was also supported by substantial evidence. The BIA explicitly stated that it reviewed the entire record, and Urbaneja has not rebutted the presumption that the agency considered all

2

relevant evidence.  *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000).  Urbaneja has not identified any evidence in the record that compels the conclusion that the agency erred in denying her relief.  The BIA need not explicitly discuss all relevant evidence in the record, and *Zahedi v. INS*, 222 F.3d 1157, 1165 (9th Cir. 2000), is inapposite because the BIA did not need to discredit Urbaneja's documentary evidence to deny her relief.

**PETITION DENIED.**